BARKWORTH *v.* CAMPBELL.

ATTORNEY AND CLIENT — EVIDENCE — SET-OFF AND RECOUPMENT — PLEADING.

In an action upon a guaranty of the payment for attorney's services to be performed by plaintiff for defendant's son, evidence that plaintiff disbursed a sum of money which defendant had caused to be delivered to plaintiff in behalf of the son and for what purposes he expended it, was admissible, in contradiction of defendant's claim that the money had been paid to plaintiff in payment for his services; although the facts were not shown in plaintiff's bill of particulars.

Error to Washtenaw; Kinne, J. Submitted June 16, 1914. (Docket No. 80.) Decided October 3, 1914.

Assumpsit by Thomas E. Barkworth against Andrew Campbell on a contract of guaranty. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frank E. Jones,* for appellant.

*Thomas E. Barkworth* and *M. J. Cavanaugh,* for appellee.

OSTRANDER, J. The form of action is assumpsit, the declaration special. It is alleged that plaintiff is an attorney and counselor at law and had been retained by one Robert Campbell, who was confined in the common jail of Jackson county, charged with having committed a crime—*i. e.,* embezzlement and forgery—on the complaint of one Pauline Ragotsky, and charged with embezzlement on the complaint of one Charles Smith; that defendant, Andrew Campbell, in consideration of professional services there-

after to be rendered by plaintiff in the defense of said Robert in the matter of said charges, and in consideration of certain necessary moneys to be thereafter advanced by plaintiff in that behalf, made his certain written guaranty to pay plaintiff reasonable compensation for his services and repay him all the sums of money advanced and disbursed by him in and about the said defense upon the said charges; that plaintiff rendered services and advanced funds, which defendant afterwards agreed to pay. With his bill of particulars, plaintiff gave a copy of the alleged guaranty, which reads:

"JACKSON, MICH., Oct. 12, 1908.
"In consideration of the services and disbursements of Thomas E. Barkworth as attorney for my son, Robert Campbell, I hereby guarantee the payment of all sums reasonably due for such services and disbursements as the same may accrue."

The bill of particulars specified dates when services were rendered from August 8, 1908, to March 7, 1910, itemized expenses, and credit is given for $122.37. With the plea of the general issue, defendant gave notice that he would insist in his defense and give evidence to prove that he caused to be paid to plaintiff $1,000 upon the amount due to him, which was the reasonable compensation for the services and disbursements.

It appeared that one William Campbell, a brother of defendant, paid plaintiff $1,000 February 25, 1910. It is not mentioned in the bill of particulars. Upon what account it was paid, how and by what authority it was disbursed, are questions concerning which testimony was offered. All questions raised and debated grow out of this payment and its application as claimed by plaintiff. A verdict having been returned for plaintiff, and a motion for a new trial denied, judgment was entered on the verdict.

Under his assignments of error appellant contends that testimony about the purpose for which the $1,000 was paid to plaintiff and was disbursed by him was not admissible under the pleadings "as a basis of recovery by the plaintiff;" no allegation concerning the matter appearing in the declaration, and no items concerning it in the bill of particulars. The testimony was not offered as a basis for the demand asserted by plaintiff. Defendant was asserting that plaintiff had been paid, in this way, the whole or a part of his demand, and plaintiff explained that, while he received the money, it was paid, and he received it, to repay himself money which he had advanced to take up demands against Robert Campbell, any balance thereof to be credited on his account. Mr. Barkworth was the first witness for the plaintiff. Upon his cross-examination the check for the $1,000 was offered in evidence by the defendant, and Mr. Barkworth was interrogated concerning it and what was done with the money. It is clear that Mr. Barkworth was not precluded by anything in the pleadings from showing in what manner the money was disbursed by him and by whose authority it was so disbursed; was not precluded from showing that his demand had not been paid. An issue of fact was presented—a less doubtful one when all of the testimony is read than it appears from appellant's brief to be—and this issue was submitted to the jury. The exceptions taken and the errors assigned relate, as has been stated, to this issue. A detailed examination of them here would profit no one. The testimony for plaintiff, and I find no rulings thereon which were prejudicially erroneous, tended to prove the services rendered and disbursements made within the terms of the written guaranty given by defendant, and negatived the fact alleged by defendant that the $1,000 was paid pursuant to the guaranty or the obligation which it created, except that a small

balance thereof was, in fact, so applied. I see no reason for thinking that the statute of frauds is applicable upon either the plaintiff's or defendant's theory of the real issue. Certainly it is not applicable to the issue made by the testimony. In a short charge, which appears to me to be subject to no criticism, the court submitted the actual issue made by the testimony to the jury.

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred. BROOKE, J., did not sit.